*United States v. Curry*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of March, two thousand nineteen.

Present:
> DEBRA ANN LIVINGSTON,
> GERARD E. LYNCH,
> > *Circuit Judges*,
> MARGO K. BRODIE,
> > *District Judge*.*

───────────────────────────────

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                                                          17-4064

ROBERT CURRY, aka Pooh

> *Defendant-Appellant*.

JADON DOUGLAS, aka Lev

> *Defendant*.†

───────────────────────────────

---

* Judge Brodie, of the United States District Court for the Eastern District of New York, sitting by designation.

† The Clerk of Court is respectfully instructed to amend the caption as set forth above.

For Defendant-Appellant:    Samuel C. Breslin, Sam Breslin Law Group, PLLC, Albany, New York.

For Appellee:    Carina H. Schoenburger, Assistant United States Attorney, *for* Grant C. Jaquith, United States Attorney for the Northern District of New York, Albany, New York.

Appeal from a judgment of the United States District Court for the Northern District of New York (Kahn, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Robert Curry appeals from the December 13, 2017 decision and order of the district court for the Northern District of New York sentencing him to two terms of thirty-months' imprisonment (to be served concurrently) following his guilty plea to one count of possession with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), and one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). On appeal, Curry argues that the district court committed both procedural and substantive error in sentencing him.

We review the reasonableness of the sentence imposed by the district court for abuse of discretion. *United States v. Verkhoglyad*, 516 F.3d 122, 127 (2d Cir. 2008). A sentence is procedurally unreasonable where the district court "fails to calculate the Guidelines range," "makes a mistake in its Guidelines calculation," "treats the Guidelines as mandatory," "does not consider the [18 U.S.C.] § 3553(a) factors," "rests its sentence on a clearly erroneous finding of fact," or "fails adequately to explain its chosen sentence." *United States v. Cavera*, 550 F.3d 180, 190 (2d Cir. 2008) (en banc). "We will set aside sentences as substantively unreasonable only in exceptional cases where the trial court's decision cannot be located within the range of permissible

2

decisions, that is, when sentences are so shockingly high, shockingly low, or otherwise unsupportable as a matter of law that allowing them to stand would damage the administration of justice." *United States v. Aldeen*, 792 F.3d 247, 255 (2d Cir. 2015) (internal quotation marks and citations omitted). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, which we reference only as necessary to explain our decision to affirm.

\*       \*       \*

On appeal, Curry first contends that the district court committed procedural error in failing to credit him for time served on his undischarged state conviction in contravention of § 5G1.3(b) of the United States Sentencing Guidelines (the "Guidelines" or "U.S.S.G."). At the time of his federal sentencing, Curry had served over 15 months of a three-year sentence for criminal possession of a controlled substance in violation of New York Penal Law § 220.03. Section 5G1.3(b) of the Guidelines provides that if the defendant is serving an undischarged term of imprisonment for an offense that "is relevant conduct to the instant offense of conviction" the sentence for the instant offense shall be "adjust[ed] . . . for any period of imprisonment already served on the undischarged term of imprisonment." The district court instead applied U.S.S.G. § 5G1.3(d), which provides that in "any other case involving an undischarged term of imprisonment, the sentence for the instance offense may be imposed to run concurrently, partially concurrently or consecutively to the prior undischarged term of imprisonment." The district court exercised its discretion under § 5G1.3(d) to run Curry's federal sentence concurrently to his state sentence.

Curry's argument regarding § 5G1.3(b) turns on whether the district court erred in failing to treat his undischarged state conviction as "relevant conduct" for the purposes of determining his sentence, which would have triggered § 5G1.3(b)'s mandate. We review the district court's

3

factual determination of relevant conduct for clear error. *United States v. Martin*, 157 F.3d 46, 50 (2d Cir. 1998). We determine that there was no such error here. Though Curry asserts that the conduct underlying his state conviction was relevant conduct to his instant conviction because it also involved the distribution of illegal drugs and occurred within months of his federal arrest, we are not persuaded that the district court clearly erred in determining otherwise.[1] *See also United States v. Wernick*, 691 F.3d 108, 115 (2d Cir. 2012) ("One criminal act does not become 'relevant' to a second act under the Guidelines by the bare fact of temporal overlap.").

Curry next contends that the district court committed procedural error in considering the sentencing factors set forth in Guidelines § 3553(a). Because Curry did not raise this issue below, we review his claim for plain error. *United States v. Villafuerte*, 502 F.3d 204, 208 (2d Cir. 2007). In sentencing a defendant, a district court must consider the factors set forth in 18 U.S.C. § 3553(a), including the nature and circumstances of the offense; the history and characteristics of the defendant; and the need for the imposed sentence to reflect the seriousness of the offense. The court need not, however, precisely identify the § 3553(a) factors or address specific arguments bearing on their application. *United States v. Fernandez*, 443 F.3d 19, 29 (2d Cir. 2006), *abrogated on other grounds by Rita v. United States*, 551 U.S. 338 (2007). "[W]e presume, in the absence of record evidence suggesting otherwise, that a sentencing judge has faithfully discharged [his] duty to consider the statutory factors." *Id.* at 30.

---

[1] We further note that the finding that the conduct underlying the state conviction was not relevant conduct was likely beneficial to him, in that a finding that the crack sale charged in the state case was relevant conduct would have raised Curry's base offense level under the Sentencing Guidelines, and resulted in a significantly higher recommended sentence.

4

The record reflects that the district court adequately considered the § 3553(a) factors. The parties' sentencing submissions and the presentence report discussed the § 3553(a) factors, including offering descriptions of Curry's background and personal characteristics. At sentencing, the district court stated that it had reviewed the presentence report, the parties' sentencing submissions, and the "factors outlined in the guidelines." Joint App'x 33; *see also* J.A. 31-32 (addressing some of the § 3553(a) factors when noting that "you have a legitimate occupation. You have a business. You're a bright person . . . you have four children"). It is therefore clear from the record that the district court considered the necessary factors in imposing Curry's prison sentence. Accordingly, Curry has not demonstrated plain error, and his sentence was procedurally reasonable.

Finally, we reject Curry's claim that the district court imposed a substantively unreasonable sentence. "A sentencing judge has very wide latitude to decide the proper degree of punishment for an individual offender and a particular crime." *Cavera*, 550 F.3d at 188. There was ample basis in the record for the district court's chosen sentence—which fell within Curry's Guidelines range—including the nature and seriousness of Curry's crimes and his extensive criminal history. "In the overwhelming majority of cases," including here, "a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances." *United States v. Perez-Frias*, 636 F.3d 39, 43 (2d Cir. 2011) (internal quotation marks omitted). Moreover, to the extent that Curry argues that the district court committed error in its relative consideration of the § 3553(a) factors, the particular "weight" to be given any of the "§ 3553(a) factors is a matter firmly committed to the discretion of the sentencing judge and is beyond our review, as long as the sentence ultimately imposed is reasonable in light of all the circumstances presented." *Fernandez*, 443 F.3d at 32 (internal quotation marks omitted). We see

5

no basis for concluding that Curry's sentence was unreasonable under the circumstances presented here.

We have considered Curry's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk